IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>VANGUARD GROUP, INC. )<br>)<br>Defendant. ) | Civil Action No.<br><br>**COMPLAINT AND**<br>**JURY TRIAL DEMAND** |

## NATURE OF ACTION

The United States Equal Employment Opportunity Commission (the "Commission"), brings this action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race (African American) and to provide appropriate relief to Barbara Alexander who was adversely affected by such unlawful employment practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that Vanguard Group engaged in unlawful discrimination when it failed to hire Ms. Alexander because of her race (African American). The Commission further alleges that Vanguard Group selected two less qualified white males, one of whom accepted the position. As a result of Defendant's discriminatory conduct, Barbara Alexander suffered backpay losses and severe emotional distress damages.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. "§ 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times mentioned herein, Defendant, Vanguard Group, (the "Employer"), has continuously been doing business in the Commonwealth of Pennsylvania and the City of Malvern, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of § 701(b), (g) and (h) of Title VII, 42 U.S.C. § 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Barbara Alexander filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March of 2005, Defendant Employer has engaged in unlawful employment practices at its Malvern, Pennsylvania location in violation of § 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1), by subjecting Ms. Alexander to disparate treatment because of her race (black). The unlawful employment practices include, but are not limited to, the following:

(a) Barbara Alexander applied for the position of Financial Planning Manager with Defendant in December of 2004.

(b) Out of four potential candidates, Ms. Alexander was the only African American applicant considered for the position. The other three applicants were white males.

(c) As part of the interview process, Ms. Alexander submitted a detailed questionnaire regarding her qualifications, which highlighted 14 years of prior financial management experience and an MBA in Finance from St. John's University. She also participated in two telephone interviews. Hiring manager, Jim Hayes conducted the second telephone interview. During this interview, Mr. Hayes told Ms. Alexander that she was qualified for the Financial Planning Manager position.

(d) Ms. Alexander advanced in the hiring process and participated in approximately 13 in-person interviews. In each interview, she was given positive feedback and told that she was qualified for the position.

(e) Ms. Alexander advanced to the final interview with Managing Director, James Gately, who informed her that she was "obviously qualified for the position."

(f) On or about March 31, 2005, Defendant informed Ms. Alexander that she was not selected for the position.

(g)     Though Defendant later argued that Ms. Alexander was unqualified for the position, it offered the position to two white males, both with less qualifications and experience than Ms. Alexander.

(h)     Ms. Alexander, the only African American in the group of considered applicants and the most qualified, was not selected.

8.      The effect of the practices complained of in paragraph 7 has been to deprive Barbara Alexander of equal employment opportunities and otherwise affect adversely her status as an employee because of her race (African American).

9.      The unlawful employment practices complained of in paragraph 7 were intentional.

10.     The unlawful employment practices complained of in paragraph 7 was done were malice or with reckless indifference to the federally protected rights of Barbara Alexander.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in disparate treatment and failure to hire based upon a person's race or any employment practice which discriminates on the basis of race.

B.      Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities and which provide for a work environment free of race discrimination, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendant Employer to institute and carry out anti-discrimination policies and complaint procedures.

D.  Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against race discrimination.

E.  Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination of which they become aware to the department charged with handling such complaints.

F.  Order Defendant Employer to make whole Barbara Alexander by providing appropriate back pay and front pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.  Order Defendant Employer to make whole Barbara Alexander by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including, but not limited to out-of-pocket losses, in amounts to be determined at trial.

H.  Order Defendant Employer to make whole Barbara Alexander by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7, including pain and suffering, humiliation, embarrassment, loss of

life's enjoyment and pleasures, depression, anxiety and inconvenience, in amounts to be determined at trial.

    I.    Order Defendant Employer to pay Barbara Alexander punitive damages for its malicious and reckless conduct described in paragraph 7, in amounts to be determined at trial.

    J.    Grant such further relief as the Court deems necessary and proper in the public interest.

    K.    Award the Commission the costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Washington DC 20507

*/s/ Debra Lawrence*
DEBRA M. LAWRENCE
Acting Regional Attorney

*/s/ Stephanie Marino*
STEPHANIE MARINO
Acting Supervisory Trial Attorney

*/s/ Rachel M. Smith*
RACHEL M. SMITH
Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107
(215) 440-2642 (direct dial)
(215) 440-2848 (FAX)